IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIAHOU SHAMI,<br><br>      Plaintiff,<br><br>v.<br><br>ONEWEST BANK, FSB, PHH HOME LOANS LLC, DEUTSCHE BANK, NATIONAL TRUST COMPANY, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2005-A10 MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-J,<br><br>      Defendant. | Civil Case No.: 1:22-cv-6703<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C § 1441 [REMOVED FROM KINGS SUPREME COURT INDEX NO. 528400/2022]** |

**NOTICE OF REMOVAL**

**TO THE CLERK OF COURT:**

  Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a) and 1446, Defendants PHH Mortgage Corporation (incorrectly identified as PHH Home Loans LLC) ("PHH") and Deutsche Bank, National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A10 Mortgage Pass Through Certificates Series 2005-J ("Deutsche Bank"), by and through its undersigned counsel, Stradley, Ronon, Stevens & Young, LLP, hereby remove the case styled as *Eliahou Shami v. OneWest Bank, FSB et al.,* Index No. 528400/2022 (the "State Court Action"), from the Supreme Court of the State of New York, County of Kings, where it is now pending, to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

  1. Plaintiff, Eliahou Shami ("Plaintiff"), commenced the State Court Action in the Supreme Court of the State of New York, County of Kings, by serving a Summons and Complaint

("Complaint") on PHH's agent for service on October 4, 2022, and by servicing Deutsche Bank personally on October 7, 2022.

2. In accordance with 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint, along with all other process, pleadings and orders served upon Defendants are attached hereto as **Exhibit A**.

## GROUNDS FOR REMOVAL

3. Under 28 U.S.C. §§ 1332, 1441(a), and 1446, this Court has original jurisdiction over any action in which: (1) a notice of removal is filed within thirty days after service of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable; (2) there is complete diversity of citizenship between the parties and no defendant is a citizen of New York; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. As explained below, PHH and Deutsche Bank satisfy each of these requirements, and this action is removable under 28 U.S.C. § 1441(b).

## The Notice of Removal is Timely

5. Plaintiff served PHH with the Summons and Complaint on October 4, 2022, and he served Deutsche Bank as Trustee on October 7, 2022. A copy of PHH and Deutsche Bank's proof of service is attached hereto as **Exhibit B**.[1]

6. This Notice of Removal is being filed on November 3, 2022. Because Defendants are removing within thirty days after they were served with the Summons and Complaint – the

---

[1] Plaintiff has not yet filed returns of service with the state court. Therefore, attached are PHH's Notice of Service of Process from its agent for service, and Deutsche Bank's date-stamped complaint.

first document setting forth the claims for relief upon which Plaintiff's action is based – this Removal is timely pursuant to 28 U.S.C. § 1446(b).

**Complete Diversity Exists Between The Parties**

7. Plaintiff alleges he resides and is the owner of 2304 East 7th Street, Brooklyn, New York (the "Property"). *See* ¶ 1 of Ex. A, which is a copy of Plaintiff's Complaint.

8. Removing Defendant PHH is a business corporation, incorporated under the laws of the State of Maryland, with a principal place of business in Mt. Laurel, New Jersey.[2] The citizenship of a corporation is determined by the state of incorporation. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015, 194 L. Ed. 2d 71 (2016). Accordingly, for purposes of a jurisdictional analysis, PHH is a citizen of Maryland.

9. Removing Defendant Deutsche Bank is a national banking association with its main office in California. As a national banking association, Deutsche Bank's citizenship is determined solely by the location of its main office, as designated in its articles of association. *See* 28 USC § 1348; *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357–58 (5th Cir. 2017) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)) ("[A] national bank ... is a citizen of the State in which its main office, as set forth in its articles of association, is located."). As a result, Deutsche Bank is a citizen of California.

10. Defendant OneWest Bank, FSB was subsequently known as OneWest Bank, N.A. and CIT Bank, N.A. and is now known as First Citizens Bank & Trust Company ("First

---

[2] See PHH's form 10-K filed with the Security Exchange Commission; available at https://www.sec.gov/Archives/edgar/data/77776/000007777616000007/phh2015123110-k.htm

Citizens").³ First Citizens is a national banking association with its main office in North Carolina. As a national banking association, First Citizens' citizenship is determined solely by the location of its main office, as designated in its articles of association. *Id.* As a result, First Citizens is a citizen of North Carolina.

11. Accordingly, Plaintiff is a citizen of New York, and none of the Defendants are citizens of New York. There is therefore complete diversity of parties under 28 U.S.C. § 1332(a).

### The Amount in Controversy Requirement is Satisfied

12. In Paragraph 71 of the Complaint, Plaintiff seeks damages in "an amount not less than $250,000." *See* Ex. A. That averment alone meets the jurisdictional limit required by 28 U.S.C. § 1332(a).

13. Further, Plaintiff seeks to invalidate the assignment of mortgage from OneWest Bank, F.S.B., to Deutsche Bank. The current unpaid principal balance due on the mortgage for the Property is $779,299.75. This demand also makes clear that the amount in controversy exceeds $75,000, the amount required for diversity jurisdiction.

### THE COURT HAS FEDERAL SUBJECT MATTER JURISDICTION OVER THIS ACTION

14. Removal is further proper under 28 U.S.C. § 1331, which provides "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

15. In the Complaint, Plaintiff seeks to invalidate and void two assignments of Mortgage recorded by OneWest Bank, FSB and subsequently by Deutsche Bank for the Property.

---

3  Plaintiff names as a defendant OneWest Bank, FSB, but served process on First Citizens Bancshares successor of Onewest Bank FSB. However, due to a recent merger, OneWest Bank, FSB (subsequently known as OneWest Bank, N.A. and CIT Bank, N.A.) is now known as First Citizens Bank & Trust Company; https://www.firstcitizens.com/about-us/newsroom/news-releases/2022/first-citizens-completes-merger-with-cit-group

*See* Ex. A.  Plaintiff alleges that PHH and Deutsche Bank made and recorded two invalid and void mortgage assignments, commenced an action to foreclosure the mortgage despite knowledge that the mortgage assignments were invalid, slandered Plaintiff's title, committed fraud and forgery through the mortgage assignments, and violated the Racketeer Influenced and Corrupt Organizations (RICO) Act, which is codified at 18 U.S.C. § 1961, et seq. *See* ¶ 173 of Ex. A.

16. Because Plaintiff's claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 arise under the Constitution, laws, or treaties of the United States, this Court also has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640, 129 S. Ct. 1862, 1867, 173 L. Ed. 2d 843 (2009) (finding that the District Court had original jurisdiction over the federal RICO claim pursuant to 28 U.S.C. § 1331).

## ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

17. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, or orders in the State Court Action are attached as Exhibit A. A true and correct copy of the docket for the State Court Action is attached as **Exhibit C**.

18. This United States District Court for the Eastern District of New York is the proper district court for removal because the Supreme Court of New York for the County of Kings is located within this judicial district, the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal – together with a copy of this Notice of Removal and attached exhibits – is being filed with the Clerk of the Supreme Court of the State of New York, County of Kings, and served on Plaintiff.  A copy of the Notice to the State Court of Filing of Notice of Removal is attached as

**Exhibit D.** PHH and Deutsche Bank will also file with this Court a certificate of service of its Notice to Plaintiff.

### All Defendants Consent to Removal

20. As of the date of removal, all defendants have been served with the Summons with Notice in the State Court Action. Removing Defendants PHH and Deutsche Bank obviously consent to removal.

21. The remaining defendant, First Citizens consents to removing the State Court Action to this Court. A copy of First Citizens' consent is attached hereto as **Exhibit E**.

### Non-Waiver of Defenses

22. In filing this Notice of Removal, PHH and Deutsche Bank reserve any and all defenses, objections, and exceptions, including without limitation those relating to jurisdiction, venue, and statutes of limitation.

23. No previous request has been made for removal.

WHEREFORE, Defendants PHH Mortgage Corporation and Deutsche Bank, National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A10 Mortgage Pass Through Certificates Series 2005-J submit this notice that the State Court Action is removed from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York.

Dated: November 3, 2022
New York, NY

**STRADLEY RONON STEVENS & YOUNG, LLP**

By: *s/ Brian P. Seaman*
Brian P. Seaman, Esq.
100 Park Avenue, Suite 2000
New York, New York 10017
Telephone: (215) 564-8171
Facsimile: (646) 682-7180
bseaman@Stradley.com

5828267v.1

*Counsel for Defendants PHH Mortgage Corporation and Deutsche Bank, National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A10 Mortgage Pass Through Certificates Series 2005-J*