# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-------------------------------------------------------------x
ELIAHOU SHAMI

Plaintiff/Petitioner,



- against -

ONEWEST BANK, FSB, Etal

Index No. 528400/2022

Defendant/Respondent.
-------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2

6/6/18   EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
## (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: October 3rd 2022

Eric S. Landau
    Name

    Firm Name

50 Fountain Plaza Suite 1400
Address

Buffalo NY 14412

Phone

_____
E-Mail

To: PHH MORTGAGE CORPORATI

1 MORTGAGE WAY,

MOUNT LAUREL, NJ, 08054

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------x

ELIAHOU SHAMI

    Plaintiff

       against-

ONEWEST BANK, FSB, PHH HOME LOANS LLC, DEUTSCHE BANK,
NATIONAL TRUST COMPANY, as
Trustee for RESIDENTIAL ASSET SECURITIZATION TRUST
SERIES 2005-Al0 Mortgage Pass Through
Certificates Series 2005-J      Defendants

-----------------------------------------------------x

Index No.: 528400/2022

**NOTICE OF PENDENCY OF ACTION**

**NOTICE IS HEREBY GIVEN** that an action has been commenced and is now pending in
this court the complaint of Eliahou Shami for 2304 East 7th Street Brooklyn, NY 11223,
the above- named Plaintiffs against Onewest Bank, FSB, PHH Home Loans LLC,
Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization
Trust Series 2005- A10 Mortgage Pass Through Certificates Series 2005-j to cancel
invalid and void court order for lost assignment, and the subsequent assignment
of mortgage recorded against the premises known as 2304 East 7th Street Brooklyn, NY
11223, Block 7158 and Lot 37 and for such other, further and different relief as may be
just and proper. The premises affected by the said action, at the time of the
commencement of this action, and at the time of the filing of this notice, are situated in
the City of New York, County of Kings, and State of New York, and are more
particularly described in Schedule "A" annexed hereto and made a part hereof. Said
premises are known as and by the street address 2304 East 7th Street Brooklyn, NY
11223 and have the tax map designation of Block 7158 and Lot.37

Dated: October 3, 2022

                                /s/ Eric S. Landau
                                Attorney for Eliahou Shami

TO THE CLERK OF THE COUNTY OF KINGS,

The Clerk of the County of New York is directed to index this notice against all of the above named defendant(s). The number of each block on the tax map which is affected by the notice is hereby designated as follows: Block 7158 and Lot. 37. The address of the premises is 2304 East 7th Street Brooklyn, NY 11223

Dated: October 3, 2022

/s/ Eric S. Landau
Attorney for Eliahou Shami

## SCHEDULE A
## LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements theron erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING  at the corner formed by the intersection of the southerly side of Gravesend Neck Road and the westerly side of East 7 th Street;

THENCE southerly along the westerly side of East 7th Street, 42 feet 2 ½ inches;

THENCE westerly parallel with Avenue W, 6- feet

THENCE northerly parallel with East 7th Street, 57 feet 11 7/8 inches to the southerly side of Gravesend Neck Road;

THENCE easterly along the southerly side of Gravesend Neck Road, 62 feet ½ inch to the point or place of BEGINNING

Said premises being commonly known as 620 Neck Road a/k/a 620 Gravesend Neck Road a/k/a 620 East 7th Street

**NOTE: Being District, Section, Block**  7158, **Lot(s)** 37 **Tax Map of the Borough of Brooklyn, County of Kings.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------x
ELIAHOU SHAMI

Index No.:

                             Plaintiff

**SUMMONS**

     against-

ONEWEST BANK, FSB,  PHH MORTGAGE CORPORATION, DEUTSCHE BANK,
NATIONAL TRUST COMPANY, as
Trustee for RESIDENTIAL ASSET SECURITIZATION TRUST
SERIES 2005-Al0 Mortgage Pass Through
Certificates Series 2005-J          Defendants
-------------------------------------------------------x

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service
of this summons, exclusive of the day of service (or within thirty (30) days after the
service is complete if this summons is not personally delivered to you within the State of
New York); and in case your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.


Dated: September 29, 2022
Buffalo, New York

                                /s/ Eric S. Landau

                    Law Office of Eric S. Landau
                         50 Fountain Plaza
                           Suite 1400
                      Buffalo, NY 14202
                      718-440-6723
                      Attorney for Plaintiffs

To:

First Citizens Bancshares successor of
Onewest Bank Fsb
4300 Six Forks Road
Raleigh, NC 27609

PHH MORTGAGE CORPORATION
1 MORTGAGE WAY,
MOUNT LAUREL, NJ, 08054

Deutsche Bank National Trust Company
1761 E st Andrews Place
SANTA ANA, CA 92705

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------x
ELIAHOU SHAMI

Index No.:

                              Plaintiff                                    **COMPLAINT**

        against-

ONEWEST BANK, FSB, PHH MORTGAGE CORPORATION, DEUTSCHE BANK,
NATIONAL TRUST COMPANY, as
Trustee for RESIDENTIAL ASSET SECURITIZATION TRUST
SERIES 2005-Al0 Mortgage Pass Through
Certificates Series 2005-J                      Defendants
-------------------------------------------------x

Eliahou Shami by his attorney, Eric S. Landau, of the Law Office of Eric S. Landau as
their COMPLAINT against the Defendants, allege as follows, that:

1. Plaintiff resides and is the owner of 2304 East 7th Street.

2. Berkshire Financial Group, Inc (" Berkshire") was the original lender of the
   consolidated loan.

3. Onewest Bank Fsb ("Onewest")  was the assignee of the mortgage.

4. PHH Mortgage Corporation(" PHH") is the servicer of this loan.

5. Deutsche Bank National Trust Company as Trustee for Residential Asset
   Securitization Trust Series 2005-A1O Mortgage Pass Through Certificates Series
   2005-J was assigned the mortgage from Onewest and the current owner of record.

6. Defendant New York City Department of Finance, and is joined in this matter to
   be bound by the determination of this court to vacate and cancel (1)  the
   Assignment of Mortgage from Berkshire to Onewest on June 10th 2005, and
   recorded through Automated City Register Information System (ACRIS) for the
   County of Kings on October 30th 2007, CFRN 2007000545126 (2) From New
   Century Mortgage to Deutsche Bank on January 13th 2011 and recorded March
   2nd 2011 CFR  2011000076477.

### NATURE OF THE CASE

7. This is an action brought pursuant to New York Real Property Law §329 to cancel
   two invalid and void assignments of mortgage recorded
   by Onewest  and subsequently by Deutsche against the Plaintiff's property located

in Brooklyn, Kings County, New York and for damages the Plaintiffs has incurred as a result of the Defendants making and recording of said two invalid and void mortgage assignments and commencing an action to foreclose the aforesaid mortgage despite knowledge that the mortgage assignments were invalid. This action also involves violations of the Civil Fraud and several tort claims.

## UNDERLYING FACTS OF THE CASE

8. Plaintiffs are the fee owner of the property located at 2304 East 7th Street Brooklyn, New York. ( Reel/ pg/ file 2549/1872 Block 7158 and Lot 37) by deed dated on or about March 22nd 1990 and recorded through ACRIS in the County of Kings.

9. On June 21 2005, the Plaintiff executed a consolidation loan in the sum of $825,000, which was recorded through ACRIS in the County of Kings on August 3rd 2005,CFRN 2005000433176.

10. This consolidated loan agreement consolidated three different mortgages.

11. The first mortgage was for $416,224.04 in favor of Berkshire Financial Group Inc. and on Fannie Mae/ Freddie Mac Security Instrument at the time of the agreement. CFR 2005000433175.

12. The other one was a consolidation loan from Indymac Bank, FSB for the sum of $420,000.

## The First Assignment To One West

13. The aforementioned mortgage was purportedly assigned to Onewest on March 19th 2009.

14. On June 8th 2010, Onewest Bank Fsb filed a summons and complaint against Berkshire Financial Group, Inc. for the assignment document that was lost and not recorded.

15. On February 7th 2011, the Court granted the recording of the assignment of the mortgage on default, and recorded through ACRIS in the County of Kings June 17 th 2011, CFRN 2011000117973. Exhibit A.

16. The Complaint and the assignment is faulty, as it is a complete misrepresentation of facts.

17. Onewest filed a Complaint as successor in interest to Indymac Bank Inc, however Onewest alleges that they acquired the loan from Berkshire.

18. Furthermore, assuming that Indymac did purchase the loan from Berkshire, that fact is impossible; since the assignment was done on or around March 19th 2009, and both entities were no longer conducting business at that time.

19. In addition, according to FDIC filings, Onewest acquired the servicing rights from Indymac.

20. The case was brought by McCabe, Weisberg & Conway P.C., who was the attorney, who filed the foreclosure action.

21. Furthermore, they stated in the Complaint that they are bringing the action in order to be able to bring the foreclosure action.

22. Taken together, these defects are not merely omissions or scriveners errors; they are red flags that signal evidence of tampering and fraud.

### Second Assignment

23. The aforesaid mortgage was purportedly assigned to Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A10 Mortgage Pass Through Certificates Series 2005-J from Onewest on August 23rd 2011 and recorded on September 19 th 2011 CFRN 2011000329812. Exhibit B.

24. The second assignment is problematic for the same reason that the first assignment was void.

25. According to the filings that were filed with the SEC the cut off date for the trust was August 1, 2005.

26. In addition according to the Pool and Servicing agreement, at the time of issuance of the certificates of a series, the depositor will cause the mortgage loans comprising the related trust fund to be assigned to the trustee, together with all principal and interest received by or on behalf of the depositor on or with respect to the mortgage loans after the cut-off date, other than principal and interest due on or before the cut-off date and other than any retained interest specified in the related prospectus supplement.

27. Therefore, the loans could not have been in the trust as this assignment should have been on or before August 1st 2005.

28. Furthermore, if this loan was in the trust Indymac, as the depositor they was supposed to have caused to file the assignment and a financial statement evidencing the Deutsche's interest in each cooperative loan.

29. As noted, this assignment was on, years after the cutoff and closing date of the trust.

30. In addition, there has never been a financial statement filed or referenced as date of the filing of this complaint.

31. Taken together, these defects are not merely omissions or scriveners errors; they are red flags that signal evidence of tampering and fraud.

32. The Plaintiffs will also be able to produce an expert, who will confidently conclude that the Deutsche's actions were criminal in nature.

## AS A FIRST CAUSE OF ACTION – CANCEL FIRST ASSIGNMENT of MORTGAGE

33. Plaintiffs repeat and reallege each of the allegations set forth hereinabove.

34. Real Property Law§ 329 provides as follows:

"Actions to have certain instruments canceled of record.

An owner of real property or of any undivided part thereof or interest therein or an owner of rent to accrue from a tenancy or subtenancy thereof, may maintain an action to have any recorded instrument in writing relating to such real property or interest therein, other than those required by law to be recorded, or any recorded assignment of rent to accrue from a tenancy or subtenancy of such property or interest therein declared void or invalid, or to have the same canceled of record as to said real property, or his undivided part thereof or interest therein, or as to the rent to accrue therefrom belonging to him.(Emphasis added.)"

35. The aforesaid mortgage was purportedly assigned to One West on March 19 th 2009.

36. On June 8th 2010 Onewest Bank Fsb filed a summons and complaint against Berkshire Financial Group, Inc. for the assignment document that was lost and not recorded.

37. On February 7th 2011 the Court granted the recording of the assignment of the mortgage on default, and recorded through ACRIS in the County of Kings June 17 th 2011, CFRN 2011000117973.

38. Assuming that Indymac did purchase the loan from Berkshire that is impossible it was done on or around March 19th 2009 as it was no longer conducting business.

39. Furthermore, Berkshire was no longer conducting business as of 2006.

40. Therefore, it is not possible that March 19 th 2009 Berkshire assigned the mortgage.

41. Besides this assignment being misleading it is also causing a chain of title issue.

42. In addition, according to FDIC filings Onewest acquired the servicing rights from Indymac. ¹

43. The case was brought by McCabe, Weisberg & Conway P.C., who was the attorney, who filed the foreclosure action.

44. Furthermore, they state in the Complaint that they are brought that action in order to bring the foreclosure action.

45. The Plaintiffs will have a forensic expert testify to all these facts at trial.

46. The void assignment of mortgage, while it remains of record, constitutes a cloud upon the Plaintiffs' title to the premises.

47. The assignment should be considered void as it is misrepresentation of the facts, and authority.

48. Accordingly, pursuant to Real Property Law §329, Plaintiff demands that the aforesaid assignment order dated February 7 th 2011, and recorded April 1st 2011, CFRN 2011000117973 through ACRIS in the County of Kings to be declared void and invalid, and canceled and removed from ACRIS.

## AS A SECOND CAUSE OF ACTION – CANCEL SECOND ASSIGNMENT of MORTGAGE

49. Plaintiffs repeat and reallege each of the allegations set forth hereinabove.

50. Real Property Law§ 329 provides as follows:

---

¹ See Failed Bank Information: Information for IndyMac, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA, Federal Deposit Insurance Corporation, http://www.fdic.gov/bank/individual/failed/IndyMac.html

"Actions to have certain instruments canceled of record.

An owner of real property or of any undivided part thereof or interest therein or an owner of rent to accrue from a tenancy or subtenancy thereof, may maintain an action to have any recorded instrument in writing relating to such real property or interest therein, other than those required by law to be recorded, or any recorded assignment of rent to accrue from a tenancy or subtenancy of such property or interest therein declared void or invalid, or to have the same canceled of record as to said real property, or his undivided part thereof or interest therein, or as to the rent to accrue therefrom belonging to him.(Emphasis added.)"

51. The aforesaid mortgage was purportedly assigned to Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2005-A10 Mortgage Pass Through Certificates Series 2005-J was assigned the mortgage from Onewest on

52. The second assignment is problematic for the same reason that the first assignment was void.

53. According to the filings that were filed with the SEC, the cut off date for the trust was August 1, 2005.

54. In addition according to the Pool and Servicing agreement, at the time of issuance of the certificates of a series, the depositor will cause the mortgage loans comprising the related trust fund to be assigned to the trustee, together with all principal and interest received by or on behalf of the depositor on or with respect to the mortgage loans after the cut-off date, other than principal and interest due on or before the cut-off date and other than any retained interest specified in the related prospectus supplement.

55. Therefore, the loans could not have been in the trust as this assignment should have been on or before August 1st 2005.

56. Furthermore, if this loan was in the trust Indymac as the depositior was supposed to have caused to file the assignment and a financial statement evidencing the Deutsche's interest in each cooperative loan.

57. As noted, this assignment was on, years after the cutoff and closing date of the trust.

58. In addition, there has never been a financial statement filed or referenced as date of the filing of this complaint.

59. Taken together, these defects are not merely omissions or scriveners errors; they are red flags that signal evidence of tampering and fraud.

60. The Plaintiffs will also be able to produce an expert, who will confidently concluded that the Deutsche's actions were criminal in nature.

61. Based on all these factors, Deutsche's assignment was just a ruse in order to give the impression of entitlement to the loan, and to foreclose.

62. The void assignment of mortgage, while it remains of record, constitutes a cloud upon the Plaintiffs' title to the premises.

63. The assignment should be considered void, as it is a misrepresentation of the facts, and authority.

64. Accordingly, pursuant to Real Property Law §329, Plaintiff demands that the aforesaid assignment order dated August 23rd 2011, and recorded September 19th 2011, 2011000329812 through ACRIS in the County of Kings to be declared void and invalid, and canceled and removed from ACRIS.

## AS A THIRD CAUSE OF ACTION – SLANDER OF TITLE

65. The Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs.

66. Defendants Onewest, PHH, and Deutsche have colluded to file successive Assignments of Mortgage, knowing that each of them were invalid and void.

67. Onewest, PHH, and Deutsche have submitted documents to the County Clerk of Kings, and courts, and ACRIS including the invalid Assignments and the invalid and misleading lis pendens, and made allegations that are misleading and deceitful.

68. They did this not only to bind the title of the Plaintiff, but to try to bring a foreclosure action against the Plaintiff's title.

69. As a result of Onewest, PHH, Deutsche's actions have caused the Plaintiff to sustain significant damage to their credit and financial, and emotional harm.

70. In addition, by their title being binded by Onewest, PHH, Deutsche's action, it has hampered, and  cause significant damage to the marketability.

71. The Defendants are liable to the Plaintiff for the damages the Plaintiff have or may incur as a result of the aforesaid improper and illegal actions, including the costs of litigation and attorney's fees in an amount not less than $250,000.

**AS A FOURTH CAUSE OF ACTION - CIVIL FRAUD AND FORGERY**

72. The Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs.

73. Both assignments recorded in Kings County, are considered as filed statements.

74. Both assignments were untrueful and misleading.

75. As noted, the first assignment was a misrepresentation of facts, as it is not factually possible.

76. Onewest Bank FSB, successor in interest to Indymac, filed a summons and complaint against Berkshire Financial Group, Inc. for the assignment document that was lost and not recorded.

77. According to the filing in the court the assignment was done on or around March 19th 2009, but both Indymac and Berkshire were no longer conducting business at that time.

78. Also, according to FDIC filings, Onewest acquired the servicing rights from Indymac, and not an ownership interest. [2]

79. Therefore, they did not process the assignment due to the fact that they never actually acquired it.

80. The case was only filed in order to give the appearance that they legitimately owned the loan.

81. The intention to deceive is so blunt that the Plaintiffs' expert, was able to conclude, and will testify that the conduct was in violation of New York Penal Law - PEN § 170.10, Forgery.

    170.10 Forgery in the second degree.

---

[2] See Failed Bank Information: Information for IndyMac, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA, Federal Deposit Insurance Corporation, http://www.fdic.gov/bank/individual/failed/IndyMac.html

A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:

1. A deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; or

2. A public record, or an instrument filed or required or authorized by law to be filed in or with a public office or public servant; or

3. A written instrument officially issued or created by a public office, public servant or governmental instrumentality.

82. Forgery in the second degree is a class D felony.

83. The filing of the case for the assignment, was in violation of § 170.10.

84. Onewest knew that they did not own or posses the loan, and only brought the action in order to legitimize the foreclosure that was being brought by Deutsche.

85. The County of Kings relied on the misrepresentations of the assignment by filing it.

86. The actions were quite obvious that they intended to deceive.

87. By having the assignments filed, it has clouded the title of the Plaintiff's home.

88. As a result, the Plaintiff's title was hampered with the ability they could do with the property.

89. In addition, from this action the Plaintiff have suffered emotionally and financially.

90. The second assignment is also a misrepresentation and untrueful, misleading, and impossible.

91. The second assignment like the first, was only created to give the illusion of entitlement to the mortgage and note by Deutsche.

92. The second assignment is as noted before, a facial misrepresentation of Deutsche being assigned as trustee to for Residential Asset Securitization Trust Series 2005-A1O Mortgage Pass Through Certificates Series 2005-J.

93. Deutsche cannot have been the trustee based on the various filings with the SEC.

94. According to the filings with the SEC, the trust had a cut off date of August 1, 2005.

95. Furthermore, according to the Pool and Servicing agreement, at the time of issuance of the certificates of a series, the depositor will cause the mortgage loans comprising the related trust fund to be assigned to the trustee, together with all principal and interest received by or on behalf of the depositor on or with respect to the mortgage loans after the cut-off date, other than principal and interest due on or before the cut-off date and other than any retained interest specified in the related prospectus supplement.

96. Therefore, the loans could not have been in the trust as this assignment should have been on or before August 1st 2005.

97. Despite these blatant facts, Onewest and Deutsche still put forth false, and misrepresentative documents.

98. Even if Deutsche was the actual trustee there needed to be a financial statement evidencing the interest.

99. As noted, this assignment was on, years after the cutoff and closing date of the trust.

100. In addition, there has never been a financial statement filed or referenced as date of the filing of this complaint.

101. Onewest and Deutsche knew that the assignment was untruthful based on assignor and the date. Theynevertheless filed it with the county in order to create the impression that there was actually entitlement and claim to title.

102. The intention to deceive by this conduct was so blunt that the Plaintiffs will be able to present an expert, who will testify that the conduct would be in violation of New York Penal Law - PEN § 170.10, Forgery.

103. The Plaintiff will further establish these facts through an expert at trial that the

assignment August 23rd 2011 was a total and complete fabrication that was knowingly and intentionally prepared, executed and recorded to deceive the public the County Clerk of Kings, and the Courts, and NY Department of Finance into believing that Deutsche and Onewest have the proper claims to title and the rights to foreclose upon the Plaintiff's Property while avoiding the inconvenient burden of proof.

104. The County of Kings relied on the misrepresentation of the assignment by filing it.

105. The actions were quite obvious that they intended to deceive.

106. By having the assignments filed, it has clouded the title of the Plaintiffs' home.

107. As a result, the Plaintiffs' were hampered with the ability they could do with the property.

108. In addition, from this action the Plaintiffs have suffered emotionally and financially.

## AS A FIFTH CAUSE OF ACTION –SECURITY FRAUD

109. The Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs.

110. The Plaintiff's supposed loan is in default, since approximately September 2008.

111. Despite not receiving the monthly payments, the Trust is reporting as the principle and interest have been paid, and paying investors.

112. It is the understanding and belief of the Plaintiff's expert that the proceeds to the trust are coming from other mortgage accounts.

113. By reporting and paying the proceeds, the Trust is misrepresenting the facts in order that investors continue to maintain their investment when in reality their investment is not worth as much as the report indicates.

114. Furthermore, by misrepresenting the facts, it is looking like the Trust is a secure investment and therefore unknowingly new investors, who buy in are being mislead by the misrepresentations.

115. Onewest, PHH, and Deutsche know that the loan is in default, and the principle and interest are being paid from other accounts without indicating that.

116. Despite them knowing it to be untrue, they continue to report the payments, and continue to pay investors from other sources.

117. By reporting and making the payments from other mortgage accounts, it is prompted investors to retain their investment.

118. Based on these representations, the investment has been considered secure.

119. As a result of the actions by the Defendants, the proceeds of the trust are being depleted, and not accounted for.

120. If not for the payments from other mortgage accounts, and if not for the misreporting the investors of the trust would not be at a loss.

121. As a result of the malfeasance of the Defendants the Plaintiff's identity, and home have been unknowingly and unwillingly been instruments of this fraud scheme.

122. The Court shall award damages for the harm to the Plaintiff.

**CIVIL RACKETEERING**

**18 U.S.C. §1961 et seq**

123. The Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs.

124. Defendants are liable to Plaintiffs under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., ("RICO").

125. Onewest, PHH, and Deutsche assisted in, implemented, and/or took part in the actions described herein.

126. Onewest, PHH,  and Deutsche used ACRIS, Kings County Clerk, and Supreme Court of the State of New York in the County of Kings.

127. Onewest, PHH, and Deutsche acted with other entities with respect to Plaintiffs' loan who are and were each a person as defined in 18 U.S.C. § 1961(3) at all times relevant to this transaction.

128. The ongoing association of Onewest, PHH, and Deutsche and its agents and employees, Onewest, PHH, Deutsche and its agents and other entities are linked by their actions described herein sufficiently form an enterprise as defined in 18 U.S.C. § 1961(4).

129. Additionally, Onewest, PHH, and Deutsche's use of ACRIS, and Supreme Court of the State of New York in the County of Kings in the furtherance of their actions sufficiently link them to an enterprise as defined in 18 U.S.C. § 1961(4).

130. Onewest, PHH, and Deutsche are and were each a legal organization or natural person that engaged in activities which affect interstate commerce at all times relevant to this transaction.

131. Onewest, PHH, and Deutsche are and were engaged in a racketeering activity as defined in 18 U.S.C. § 1961(1) at all times relevant to this transaction.

132. Onewest, PHH, and Deutsche on June 8th 2010 unlawfully filed and sought an assignment for March 19 th 2009.

133. As a result of Onewest, PHH and Deutsche's actions an order for the lost assignment was granted on February 7th 2011

134. The unlawful assignment was filed through ACRIS in the County of Kings on June 17 th 2011.

135. Onewest, PHH, and Deutsche unlawfully executed, or caused to be executed, the Assignment on  August 23rd 2011 and recorded on September 19 th 2011

136.  On March 2nd 2011 Onewest, PHH, and Deutsche recorded, or caused to be recorded, the Assignment with  (ACRIS) CFRN 2011000329812 on September 19 th 2011.

137. As of the date of this Complaint, the Assignments remain recorded with ACRIS in its original form.

138. As of the date of this Complaint, Onewest, PHH, and Deutsche have taken no action to correct, amend, or substitute the fraudulent Assignments with the ACRIS for, and it is unlikely that they will take any action to correct, amend, or substitute the Assignments anytime in the future, such that their alleged misconduct will continue indefinitely into the future.

139. Onewest, PHH, and Deutsche are and were engaged in a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5) at all times relevant to this transaction.

140. Onewest, PHH, and Deutsche communicated with Plaintiffs, with each other, and with Kings County, New York, the Department of Finance and Supreme Court of the State of New York in the County of Kings via mail, telephone, wire, and electronic mail communications within a ten year period immediately preceding the date of this Complaint.

141. Onewest, PHH, and Deutsche acted in the following manners, which were devised and implemented as a scheme to defraud Plaintiffs:

a Drafting and executing the Assignment;

b. Recording the Assignment with ACRIS.

c. Filing legal actions relying on the Assignment to demonstrate, amongst other things, Onewest and Deutsche's standing;

d. Seeking judgment in Deutsche's favor in those legal actions relying in part on the Assignment; and

e. Obtaining judgment in Deutsche's favor in those legal actions where the court relied in part on the Assignment.

142. These actions were part of a scheme or artifice to defraud Plaintiffs.

143. Defendants' conduct described herein constitutes unlawful conduct, including that conduct being devised and implemented to defraud Plaintiffs.

144. Onewest, PHH, and Deutsche's representations to Plaintiffs, the Kings County, New York, and Supreme Court of the State of New York in the County of Kings about the possibility, legality, and truthfulness of the Assignment were not true.

145. Onewest, PHH, and Deutsche's representations were material to the scheme to defraud.

146. Their actions were devious and thought out that the Plaintiffs were only able to realize and ascertain once they retained a forensic expert recently.

147. Onewest, PHH, and Deutsche communicated their representations using the United States Postal Office.

148. Onewest, PHH, and Deutsche communicated their representations using wire communications.

149. Onewest, PHH, and Deutsche communicated their representations to the Plaintiffs, and the referenced others, more than four times using interstate commerce.

150. Onewest, PHH, and Deutsche individually or collectively, sent the Plaintiffs more than four letters using the Postal Service during the times relevant to this transaction.

151. Onewest, PHH, and Deutsche called Plaintiffs more than four times using the wired telephone service during the relevant times to this transaction.

152. Onewest, PHH, and Deutsche n communicated with Plaintiffs, their attorney, and/or the Kings County Clerk, New York, NY Department of Finance and Supreme Court of the State of New York in the County of Kings more than four times using the Internet during the relevant times to this transaction.

153. Onewest, PHH, and Deutsche's actions constitute a pattern of conduct.

154. Onewest, PHH, and Deutsche's actions, both individually and collectively, amongst themselves, and with Plaintiffs, their attorney, and Kings County Clerk, New York, NY Department of Finance and Supreme Court of the State of New York in the County of Kings constitute a pattern of conduct.

155. Onewest, PHH, and Deutsche used false or fraudulent pretenses, representations, or promises as part of a scheme or artifice to defraud Plaintiffs.

156. Onewest, PHH, and Deutsche used false or fraudulent pretenses, representations, or promises as part of a scheme or artifice to defraud the Kings County, New York, Department of Finance and Supreme Court of the State of New York in the County of Kings

157. Onewest, PHH, and Deutsche actions described herein constitute Fraud by Wire, Radio, or Television under 18 U.S.C. § 1343.

158. Onewest, PHH, and Deutsche's actions described herein constitute Fraud and Swindles under 18 U.S.C. § 1341.

159. Onewest, PHH, and Deutsche, both individually and collectively, were related in that their actions had similar purposes, results, participants, victims, and methods of commission.

160. The actions of Onewest, PHH, and Deutsche, both by each individually and collectively, were and are continuous and pose a threat of repetition extending indefinitely into the future.

161. Onewest, PHH, and Deutsche have executed, or caused to be executed, other impossible mortgage assignments through ACRIS for Kings County, courts to support its entitlement to title to the Plaintiffs' property and various foreclosing filings.

162. Onewest, PHH, and Deutsche's actions, both by each individually and collectively, constitute their regular way of conducting their ongoing business.

163. Upon belief, Plaintiff alleges that it is likely that Onewest, PHH, and Deutsche will continue to file mortgage assignments through ACRIS in Kings County, New York, and Court of New York that are unlawful and/or fraudulent, or continue to fail to take corrective action to notify the courts of impossible assignments they have already filed.

164. Onewest, PHH, and Deutsche's actions in this Count constitute a scheme to defraud Plaintiffs.

165. Onewest, PHH, and Deutsche took the actions defined in this Count in furtherance of a scheme to defraud Plaintiffs, and were taken in an effort to defraud Plaintiffs of money or property.

166. Onewest, PHH, and Deutsche's communications with Plaintiffs through ACRIS for Kings County, New York, and Court of New York occurred as part of a common plan or scheme of Carrington and Deutsche.

167. Onewest, PHH, and Deutsche, each individually, conducted or participated in the conduct or the affairs of the other defendants as described herein.

168. Onewest, PHH, and Deutsche took the actions defined in this Count willfully, intentionally, with knowledge of their actions, and with the intent to defraud Plaintiffs.

169. Onewest, PHH, and Deutsche intentionally and willfully participated in the scheme to defraud Plaintiffs.

170. Onewest, PHH, and Deutsche took the actions defined in this Count with the knowledge that their actions would result in the taking of Plaintiffs' property through foreclosure and sheriff sale, and they could not establish a right to using the Assignment.

171. Onewest, PHH, and Deutsche took the actions defined in this Count with the knowledge its actions would likely result in them defrauding Plaintiffs.

172. Onewest, PHH, and Deutsche took the actions defined herein with callous and reckless indifference to the rights of others.

173. Onewest, PHH, and Deutsche participated in the scheme to defraud Plaintiffs with callous and reckless indifference to the rights of others.

174. Plaintiffs was injured by Defendants' RICO violations, including by having to defend a foreclosure action based in part on the impossible Assignment, for facing potential multiple liability from others who may claim an interest in the mortgage or note, for clouding Plaintiffs' property title by having the impossible Assignment appear and remain on the recorded title with ACRIS , for wrongly foreclosing on their interest in their property, and for the other actions described herein.

175. Onewest, PHH, and Deutsche were the actual and proximate cause of Plaintiffs' injuries, and each are liable to him under this Count.

176. Plaintiffs are entitled to damages, treble damages, punitive damages, attorney's fees, and costs for Onewest, PHH, and Deutsche's RICO violations.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

# EXHIBIT A

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2011032901124001001EEF56

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 3 |
|---|---|---|
| Document ID: 2011032901124001 | Document Date: 02-07-2011 | Preparation Date: 03-29-2011 |

Document Type: COURT ORDER
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| WEB TITLE AGENCY ***KINGSLAND EXAMINERS PICK-UP*** | WEB TITLE AGENCY ***PICK UP*** |
| 69 CASCADE DRIVE | 69 CASCADE DRIVE |
| KNOWLTON BLDG., SUITE 202 | KNOWLTON BLDG., SUITE 202 |
| ROCHESTER, NY  14614 | ROCHESTER, NY  14614 |
| 585-454-4770 | 585-454-4770 |
| | dreyes@webtitle.us 8090941 |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BROOKLYN | 7158 | 37 | Entire Lot | | 620 EAST 7TH STREET |

Property Type: DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN_____  *or*  Document ID_____  *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

### PARTIES

| PARTY 1/GRANTOR: | PARTY 2/GRANTEE: |
|---|---|
| ONEWEST BANK, FSB | BERKSHIRE FINANCIAL GROUP, INC. |
| 888 EAST WALNUT STREET | |
| PASADENA, CA  91101 | |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 47.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          04-01-2011 14:43
City Register File No.(CRFN):
                    2011000117973

*Annette M Hill*

*City Register Official Signature*

At an of the Supreme Court of the State of
New York, held in and for the County of
KINGS at the Courthouse thereof, Supreme
Court Building, 235 Griffing Avenue,
Riverhead, New York on the 7th day of ___
February, 2010.

PRESENT: Hon. Ellen M. Spodek

Justice

------------------------------------------------X

ONEWEST BANK, FSB AS SUCCESSOR IN
INTEREST TO INDYMAC BANK, FSB,

                              Plaintiff,

       against

BERKSHIRE FINANCIAL GROUP, INC.,

                          Defendant(s).

------------------------------------------------X

Judgment Granting Recording of
Assignment of Mortgage

Index No.: 14230/10

ON THE SUMMONS AND COMPLAINT, filed with the Clerk of **KINGS** County on

**June 8, 2010**, copy attached; and on the accompanying affirmation of Jason E. Brooks, dated

July 12, 2010;

Plaintiff subsequently purchased the aforementioned mortgage and note from Defendant.

However, an Assignment of Mortgage from Defendant to Plaintiff has been lost and was never

recorded. Plaintiff, as the current holder of the note, desires to foreclose on the subject mortgage.

However, Plaintiff cannot do so because of the break in chain of title.

And the summons and complaint in this action having previously been served on the

defendants, BERKSHIRE FINANCIAL GROUP, INC. on June 10, 2010;

NOW on motion of **McCabe, Weisberg & Conway, P.C.**, attorney for plaintiff, it is

ORDERED, ADJUDGED AND DECREED that the defendant be forever barred for all

claim to an estate or interest in the property described in Paragraph Second of this Complaint.

ORDERED, ADJUDGED AND DECREED that the Clerk of the County of KINGS be

directed to record an Order reflecting the assignment of mortgage as BERKSHIRE FINANCIAL

GROUP, INC. as original assignor to OneWest Bank, FSB, as the assignee with an effective date

of March 19, 2009. The Plaintiff interests originates from a Consolidation, Extension and

Modification Agreement dated June 21, 2005 made by Eliahou Shamy to Berkshire Financial

Group, Inc. in the original principal sum of Eight Hundred and Twenty Five Thousand Dollars

00/100 Dollars ($825,000.00) and recorded in the Office of the Clerk (Recorder) (Register) of the

County of Kings in CRFN # 2005000433176 on August 3, 2005 covering premises known as:

Block: 71.58, Lot: 37; 2304 East 7th Street a/k/a 620 East 7th Street, Brooklyn, NY 11218

Plaintiff subsequently purchased the aforementioned mortgage and note from Defendant.

ORDERED, ADJUDGED AND DECREED that, the plaintiff recover its costs,

disbursements and allowances against the defendants.

ENTER

JUSTICE, SUPREME COURT

HON. ELLEN M. SPODEK

# EXHIBIT B

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2011090800928001001EE858

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

**Document ID: 2011090800928001**    Document Date: 08-23-2011          Preparation Date: 09-08-2011
Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| VENTURE TITLE AGENCY(REDVISION PICK UP) | MCCABE, WEISBERG & CONWAY, P.C. |
| 501 WEST MAIN STREET | 145 HUGUENOT STREET |
| PATCHOGUE, NY  11772 | SUITE 499 |
| 631-758-1180 | NEW ROCHELLE, NY  10801 |
| lpovinelli@venturetitleagency.com | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 7158 | 37 | Entire Lot | 2304 EAST 7TH STREET |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

BROOKLYN  Year: 1993    Reel: 3172    Page: 2326
x  Additional  Cross References on Continuation Page

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| ONEWEST BANK, FSB | DEUTSCHE BANK NATIONAL TRUST COMPANY |
| 888 EAST WALNUT STREET | 1761 EAST SAINT ANDREW PLACE |
| PASADENA, CA  91101 | SANTA ANA, CA  92705 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | | |
| MTA: | $ | 0.00 | OF THE CITY REGISTER OF THE | | |
| NYCTA: | $ | 0.00 | CITY OF NEW YORK | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed          09-19-2011 09:54 | | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 58.00 | 2011000329812 | | |
| Affidavit Fee: | $ | 0.00 | | | |

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2011090800928001001CEAD8

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 5 |
|---|---|

**Document ID:** 2011090800928001  Document Date: 08-23-2011  Preparation Date: 09-08-2011
Document Type: ASSIGNMENT, MORTGAGE

**CROSS REFERENCE DATA**
BROOKLYN **Year:** 1994  **Reel:** 3416  **Page:** 2439
BROOKLYN **Year:** 1997  **Reel:** 3968  **Page:** 781
BROOKLYN **Year:** 1999  **Reel:** 4526  **Page:** 1251
BROOKLYN **Year:** 2002  **Reel:** 5907  **Page:** 735
BROOKLYN **Year:** 2002  **Reel:** 5907  **Page:** 716
BROOKLYN **Year:** 2002  **Reel:** 5907  **Page:** 689
**CRFN:** 2005000433174
**CRFN:** 2005000433175
**CRFN:** 2005000433176
**CRFN:** 2011000117973

MWC-4040.H

## ASSIGNMENT OF MORTGAGE (DEED OF TRUST)

KNOW THAT:

**OneWest Bank, F.S.B.,** with its principal place of business located at: 888 East Walnut Street, Pasadena, CA 91101., Assignor

In Consideration of ONE AND 00/100 dollar ($1.00), and other good and valuable consideration paid by

**Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2005-A10, Mortgage Pass-Through Certificates, Series 2005-J under the Pooling and Servicing Agreement dated August 1, 2005, Assignee**
1761 East Saint Andrew Place, Santa Ana, CA 92705

hereby assigns unto the assignee,

Mortgage (Deed of Trust) (Security Instrument) dated November 9, 1993 made by Eliahou Shamy to Fairmont Funding Ltd., in the original principal sum of Two Hundred and Ten Thousand Dollars 00/100 Dollars ($210,000.00) and recorded in the Office of the Clerk (Recorder) (Register) of the County of Kings in Reel: 3172, Page: 2326 on December 9, 1993 covering premises known as: Block: 71.58, Lot: 37;  2304 East 7th Street a/k/a 620 East 7th Street, Brooklyn, NY 11218.

Said Mortgage was assigned to Fleet Real Estate Funding, Ltd., by Assignment dated November 9, 1993 and was recorded on November 23, 1994 in Reel: 3416, Page: 2439 in the Office of the Clerk of the County of Kings.

Said Mortgage was further assigned to The Dime Savings Bank of New York, FSB, by Assignment dated March 1, 1997 and was recorded on June 24, 1997 in Reel: 3968, Page: 781 in the Office of the Clerk of the County of Kings.

Said Mortgage was then assigned to Citicorp Mortgage Inc., by Assignment dated August 13, 1998 and was recorded on July 15, 1999 in Reel: 4526, Page: 1251 in the Office of the Clerk of the County of Kings.

Said Mortgage was then assigned to IndyMac Bank, FSB, by Assignment dated April 15, 2002 and was recorded on November 20, 2002 in Reel: 5907, Page: 735 in the Office of the Clerk of the County of Kings.

Mortgage (Deed of Trust) (Security Instrument) dated May 21, 2002 made by Eliahou Shamy to IndyMac Bank, FSB, in the original principal sum of Two Hundred and Twenty Eight Thousand and Nine Hundred and Forty Six Dollars 89/100 Dollars ($228,946.89) and recorded in the Office of the Clerk (Recorder) (Register) of the County of Kings in Reel: 5907, Page: 716 on November 20, 2002 covering premises known as: Block: 71.58, Lot: 37;  2304 East 7th Street a/k/a 620 East 7th Street, Brooklyn, NY 11218.

Said Mortgages were Consolidated, Extended and Modified by an Agreement dated May 9, 2002 made by Eliahou Shamy to IndyMac Bank, FSB, in the original principal sum of Four Hundred and Twenty Thousand Dollars 00/100 Dollars ($420,000.00) and recorded in the Office of the Clerk (Recorder) (Register) of the County of Kings in Reel: 5907, Page: 689 on November 20, 2002 covering premises known as: Block: 71.58, Lot: 37;  2304 East 7th Street a/k/a 620 East 7th Street, Brooklyn, NY 11218.

Said Consolidated Mortgage was assigned to Berkshire Financial Group, Inc. By Assignment dated May 13, 2005 and was recorded on August 3, 2005 in CRFN # 2005000433174 in the Office of the Clerk of the County of Kings.

Mortgage (Deed of Trust) (Security Instrument) dated June 21, 2005 made by Eliahou Shamy to Berkshire Financial Group, Inc. in the original principal sum of Four Hundred and Sixteen Thousand and Two Hundred and Twenty Four Dollars 04/100 Dollars ($416,224.04) and recorded in the Office of the Clerk (Recorder) (Register) of the County of Kings in CRFN # 2005000433175 on August 3, 2005 covering premises known as: Block: 71.58, Lot: 37;  2304 East 7th Street a/k/a 620 East 7th Street, Brooklyn, NY 11218.

Said Mortgages were Consolidated, Extended and Modified by an Agreement dated June 21, 2005 made by Eliahou Shamy to Berkshire Financial Group, Inc. in the original principal sum of Eight Hundred and Twenty Five Thousand Dollars 00/100 Dollars ($825,000.00) and recorded in the Office of the Clerk (Recorder) (Register) of the County of Kings in CRFN # 2005000433176 on August 3, 2005 covering premises known as: Block: 71.58, Lot: 37; 2304 East 7th Street a/k/a 620 East 7th Street, Brooklyn, NY 11218.

Said Consolidated Mortgage was Assigned to OneWest Bank, F.S.B., by an Assignment recorded on April 1, 2011 in CRFN No.: 2011000117973.

THE WORD "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

THIS ASSIGNMENT IS NOT SUBJECT TO THE REQUIREMENTS OF SECTION 275 OF THE REAL PROPERTY LAW BECAUSE IT IS AN ASSIGNMENT WITHIN THE SECONDARY MORTGAGE MARKET

In witness whereof the assignor has duly executed this assignment      Day of AUG 2 3 2011

IN PRESENCE OF:

                                                    OneWest Bank, F.S.B.

                                            By: _____

                                            Name:
                                            Title:    JC San Pedro

                                                    Vice President

                                    Travis
          Texas            , County of
State of _____                              ss:
On the       Day of AUG 2 3 2011 the year 2011, before me, the undersigned, personally appeared
_____JC San Pedro_____personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the within this instrument and
acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their
signature(s) in the instrument, the individual(s) or the person upon behalf of which the individual(s) acted,
executed the instrument.

_____
Notary

ALEIGHSE M. LUCAS
Notary Public, State of Texas
My Commission Expires
June 19, 2014

ASSIGNMENT OF MORTGAGE WITH COVENANT
Title Number:
Section:
Block:
Lot:
County/Town:
District:
Dist        Sec.        Block        Lot

RECORD AND RETURN TO:

McCabe, Weisberg and Conway, P.C.
145 Huguenot St., Ste 310
New Rochelle, NY 10801